IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATEBSORO DIVISION

ERIC REID,

    Plaintiff,

v.

HOMER BRYSON; DOUG WILLIAMS;
ERIC SMOKES; DERIC GODFREY; and
MRS. BENNETT, in their individual and
official capacities,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-116

## ORDER

Presently before the Court is a "Motion to Relate" filed on Plaintiff's behalf.[1] (Doc. 13.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion. The Court's Order dated December 12, 2016, remains the Order of the Court, and this case remains closed.

## BACKGROUND

Plaintiff filed his Complaint on August 11, 2016. (Doc. 1.) The Magistrate Judge recommended Plaintiff's Complaint be dismissed based on Plaintiff's failure to follow this Court's Orders and his failure to prosecute after Plaintiff failed to return his consent to collection of fees and his trust account statement, as the Court ordered Plaintiff to provide. (Doc. 10.) The

---

[1] The Motion is not signed by Plaintiff, but the Court will treat this Motion as if Plaintiff had filed this pleading himself. (Doc. 13, p. 2.) In addition, the Court construes this Motion to Relate as a Motion to Consolidate. "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States District Court, 523 F. App'x 691, 694 (11th Cir. 2013).

Court adopted this recommendation as the opinion of the Court and dismissed Plaintiff's Complaint on December 12, 2016. (Doc. 11.)

In his Motion, Plaintiff states that two cases filed by fellow inmates are related to this case. (Id.) (citing Quintanilla v. Bryson, et al., Civil Case No. 6:17-cv-4 (S.D. Ga.), and Grazeta v. Bryson, et al., Civil Case No. 6:16-cv-141 (S.D. Ga.)). Plaintiff requests that the Court consolidate these cases because "each of the. . . actions revolve essentially around Plaintiffs' claims of denial of due process and cruel and unusual punishment in connection with their segregation proceedings, and involve several of the same defendants." (Id. at p. 1.)

## DISCUSSION

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the Court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F. 2d 1492, 1495 (11th Cir. 1985). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Young, 59 F.3d at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973).

Under these standards, consolidation of Plaintiff's action with those of his fellow inmates would be improper. The Court notes that Plaintiff and his fellow inmates have raised common questions of law and fact. Indeed, they have filed many nearly identical pleadings. Nonetheless, as a case progresses, the parties and the Court must focus not on legal principles in the abstract but instead on whether Plaintiff's individual rights have been violated. Furthermore, Plaintiff's case has already been closed, obviating any benefit to consolidating this case with those of Plaintiff's fellow inmates. (Docs. 11, 12.)

Additionally, several courts have found that allowing prisoner plaintiffs to proceed together in one action poses a litany of practical problems. See, e.g., Gentry v. Lawton Corr. Facility, No. CIV-14-310-W, 2014 WL 2712305, at *1 (W.D. Okla. May 13, 2014); Pinson v. Haynes, No. CIV. A. H-08-2237, 2008 WL 4857944, at *2 (S.D. Tex. Nov. 6, 2008) ("Among the concerns noted are the possibility of inmate transfers, security, and the need for each individual plaintiff to represent himself and sign each pleading related to his claims."). Of primary concern is that Plaintiff and his fellow inmates cannot represent each other before the Court. Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005). Thus, Plaintiff and his fellow inmates would have to each sign every document that they jointly filed. Fed. R. Civ. P. 11(a). Additionally, if one plaintiff filed a motion separately, he would then have to serve the other plaintiffs with that pleading. Fed. R. Civ. P. 5(a). Such timely communication between plaintiffs incarcerated in a large state prison is impractical. Gentry, 2014 WL 2712305, at *1 ("Clearly, [the incarcerated proposed joint plaintiffs] are not in a position to efficiently and effectively confer with one another, review proposed pleadings, and then sign them within the court's deadlines."). Given these practical problems, allowing consolidation would likely cause—not prevent—delay and inefficiency.

3

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Plaintiff's Motion to Consolidate. (Doc. 13.) The Court's Order dated December 12, 2016, remains the Order of the Court, and this case remains closed.

**SO ORDERED**, this 31st day of May, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UINITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4